UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| AVERA MCKENNAN HOSPITAL, | * | CIV 18-4007 |
| | * | |
| Plaintiff, | * | MEMORANDUM OPINION AND ORDER DENYING MOTION TO DISMISS |
| vs. | * | |
| EMC – EMPLOYERS MUTUAL CASUALTY COMPANY, dba EMC RISK SERVICES, LLC, and JOHN/JANE DOES 1-3, | * | |
| Defendants. | * | |

Defendant EMC – Employers Mutual Casualty Company ("EMC"), has moved the Court based upon the abstention doctrine for an Order dismissing or, in the alternative, staying this action pending resolution of a lawsuit in Minnesota. (Doc. 11.) For the reasons set forth below, the motion is denied.

## BACKGROUND

On July 4, 2015, Marlyn and Kathlene Bootsma were injured in a motorcycle accident in Minnesota. The Bootsmas were treated at Avera McKennan Hospital ("Avera") in Sioux Falls. Avera filed a hospital lien under South Dakota law but it did not submit the Bootsmas' bills to the Bootsmas' health insurer, BlueCross BlueShield of Minnesota ("BCBS"). EMC, the insurer for the negligent driver, paid the Bootsmas $500,000 to settle the case against its insured. The lawyer for the Bootsmas placed the disputed funds into his trust account, and the Bootsmas sued Avera in Minnesota state court to determine the proper distribution of the funds. In the Minnesota case, the Bootsmas claim that Avera breached its contract with BCBS by failing to submit the hospital bills within 120 days, and thus Avera has waived its right to recover payment for the hospital bills. Bootsmas allege that they are third party beneficiaries to the BCBS contract and were damaged by

Avera's breach of that contract, and they also assert a cause of action against Avera for slander upon their credit and reputations.

The case before this Court is an action to enforce a hospital lien in the amount of $142,026.62 under South Dakota's hospital lien statute, SDCL § 44-12-8. Avera sued the tortfeasor's insurer, EMC, claiming that EMC impaired Avera's lien on settlement proceeds when EMC settled with the Bootsmas without paying Avera for the medical services it provided. Avera brought this lawsuit against EMC in state court in South Dakota. EMC removed the action to this Court based on diversity of citizenship pursuant to 28 U.S.C. § 1332. EMC now asks the Court to dismiss or stay the action.

## DISCUSSION

EMC requests dismissal or stay of this action under either the *Wilton* abstention doctrine or the *Colorado River* abstention doctrine. Avera argues that the *Wilton* abstention doctrine does not apply here and that the *Colorado River* factors weigh against abstention.

### *Wilton* Abstention Doctrine

Federal courts have a "virtually unflagging obligation" to decide cases within the scope of their jurisdiction. *Mata v. Lynch*, —— U.S. ——, 135 S.Ct. 2150, 2156 (2015) (quoting *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)); *see also Sprint Comm'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013) ("In the main, federal courts are obliged to decide cases within the scope of federal jurisdiction. Abstention is not in order simply because a pending state-court proceeding involves the same subject matter."). The Supreme Court has, however, established certain exceptions to the general rule requiring district courts to exercise their jurisdiction. *Sprint*, 571 U.S. at 72. *Brillhart v. Excess Ins. Co. Of American*, 316 U.S. 491 (1942), exemplifies one such exception: because of the text of the Declaratory Judgment Act, abstention is at times permissible for actions brought in pursuit of a declaratory judgment. The Eighth Circuit has explained what is often referred to as the Brillhart/Wilton abstention doctrine:

> the test articulated in *Colorado River* for a federal court to abstain when there are parallel state proceedings does not apply to actions under the Declaratory Judgment Act. *See Wilton*, 515 U.S. at 286, 115 S.Ct. 2137. Federal courts have more discretion to abstain in an action when a party seeks relief under the Declaratory Judgment Act. *See Wilton*, 515 U.S. at 286–87, 115 S.Ct. 2137; *Brillhart*, 316 U.S. at 494–95, 62 S.Ct. 1173. This broader discretion arises out of the Declaratory Judgment Act's language that a court "may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a) (emphasis added). The Supreme Court has noted that it has "repeatedly characterized the Declaratory Judgment Act as 'an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant.' " *Wilton*, 515 U.S. at 287, 115 S.Ct. 2137 (quoting *Public Serv. Comm'n of Utah v. Wycoff Co.*, 344 U.S. 237, 241, 73 S.Ct. 236, 97 L.Ed. 291 (1952)). In emphasizing the uniqueness of the Declaratory Judgment Act, the Court commented that its "textual commitment to discretion, and the breadth of leeway we have always understood it to suggest, distinguish the declaratory judgment context from other areas of the law in which concepts of discretion surface." *Id.* at 286–87, 115 S.Ct. 2137. Therefore, in a declaratory judgment action, a federal court has broad discretion to abstain from exercising jurisdiction even if there are no exceptional circumstances as articulated in *Colorado River*. *See Scottsdale Ins. Co. v. Detco Indus., Inc.*, 426 F.3d 994, 997 (8th Cir.2005).

*Royal Indem. Co. v. Apex Oil Co.*, 511 F.3d 788, 792–93 (8th Cir. 2008).

Accordingly, federal courts possess broad discretion to abstain from exercising jurisdiction over declaratory judgment lawsuits. *See Wilton*, 515 U.S. at 289 (stating district court *Brillhart* abstention decisions are reviewed only for abuse of discretion). And where there exists a "parallel" state court action to the federal declaratory judgment action, and the federal case involves questions of state law, the district court's discretion is at its peak due to principles of federalism and comity. *See Lexington Ins. Co. v. Integrity Land Title Co.*, 721 F.3d 958, 967–68 (8th Cir. 2013) (detailing the difference in court discretion when there is a parallel state court proceeding). However, the present case is not the type for which *Brillhart/Wilton* abstention is warranted. Avera does not request a declaratory judgment, the Minnesota case is not a parallel state court proceeding,[1] South

---

[1] The Eighth Circuit has taken the position that, if the state court proceeding is not parallel to the declaratory judgment action in federal court, the court's broad discretion to abstain under *Brillhart/Wilton* is greatly reduced. *See Scottsdale ins. Co. v. Detco Indus. Inc.*, 426 F.3d 994, 998-99 (8th Cir. 2005); *Lexington*, 721 F.3d at 968.

3

Dakota hospital lien law is at issue here and the substantive law at issue in the Minnesota action is Minnesota contract and tort law.[2]

*Colorado River* Abstention Doctrine

EMC maintains that this Court should abstain because Avera's suit parallels the Bootsmas' Minnesota suit and because "exceptional circumstances" warrant application of *Colorado River* abstention. Avera maintains the federal and state cases are not parallel and that, even if they were, there are no exceptional circumstances warranting abstention.

The Supreme Court has made it clear that "[a]bstention from the exercise of federal jurisdiction is the exception, not the rule." *Colorado River*, 424 U.S. at 813. Before a federal court can abstain under the *Colorado River* doctrine, there must be (A) parallel proceedings in federal and state court and (B) exceptional circumstances warranting abstention. *See id.* at 742.

The threshold issue under the *Colorado River* abstention doctrine is whether parallel proceedings were pending in the Minnesota state court at the time this case was removed to federal district court. *Fru–Con Constr. Corp. v. Controlled Air, Inc.*, 574 F.3d 527, 537 (8th Cir. 2009) (citing *Scottsdale Ins. Co. v. Detco Indus., Inc.*, 426 F.3d 994, 996 (8th Cir. 2005)). The Eighth Circuit requires more precision than "substantially similar parties litigating substantially similar issues" in determining whether state and federal proceedings are parallel for purposes of the *Colorado River* doctrine. *Fru–Con*, 574 F.3d at 535. The Eighth Circuit has clarified that:

> The pendency of a state claim based on the same general facts or subject matter as a federal claim and involving the same parties is not alone sufficient. Rather, a substantial similarity must exist between the state and federal proceedings, which similarity occurs when there is a substantial likelihood that the state proceeding will fully dispose of the claims presented in the federal court. This analysis focuses on matters as they currently exist, not as they could be modified. Moreover, in keeping

---

[2] Federal district courts sitting in diversity must apply the choice-of-law rules of the state in which the court sits. *Dorman v. Emerson Elec. Co.*, 23 F.3d 1354, 1358 (8th Cir. 1994). At this point neither party has argued that Minnesota rather than South Dakota law would apply in this lien enforcement action where a South Dakota hospital provided services in South Dakota.

4

> with the Supreme Court's charge to abstain in limited instances only, jurisdiction must be exercised if there is any doubt as to the parallel nature of the state and federal proceedings.

*Id.* (internal citations omitted).

EMC argues that the identical issues are dispositive of both actions and that the Minnesota proceedings will fully dispose of all claims presented in federal court. According to EMC, "If Avera McKennan has no right to collect because of its refusal to submit the claim to Blue Cross, then it has no valid lien because the Bootsmas obligation to Avera McKennan has been extinguished." (Doc. 21 at 8.)

The Eighth and Fourth Circuit Courts have considered abstention in somewhat analogous circumstances. In Judge Beam's plurality opinion in *Fru-Con*, the Eighth Circuit considered the question of whether a lien foreclosure action in state court was parallel to a separate action in federal court seeking contract damages. There, a contractor and a subcontractor entered into an agreement that contained law and forum selection clauses requiring all disputes between the parties to be governed by Missouri law and to be brought in Missouri state court or a federal district court in Missouri. 574 F.3d at 530. A dispute arose between the parties, the subcontractor recorded a construction lien on March 1, 2007, and then filed suit in Nebraska state court to foreclose the construction lien. *Id.* at 530–31. However, the contractor had previously filed a breach of contract claim against the subcontractor in a federal district court in Missouri. The contractor also filed a counterclaim in the Nebraska state court action alleging breach of contract. The subcontractor filed a motion to abstain or dismiss in federal court, and the contractor filed a motion to dismiss or stay in state court. The federal district court in Missouri granted the motion to abstain and dismissed the contractor's breach of contract action, but only after the Nebraska state court retained jurisdiction over the lien foreclosure action. *Id.* at 532.

Judge Beam found that the federal and state court actions were not parallel for purposes of the *Colorado River* abstention doctrine because the subcontractor sought to foreclose a lien, while the contractor sought common law contract damages.[3]

> In sum, the state lien foreclosure proceeding will not dispose of the federal contract action and the sources of law, remedies sought, elements of proof, review on appeal, and events giving rise to each cause of action are different. Additionally, [the subcontractor] has never asserted the lien foreclosure claim in the federal district court. So, as to the lien foreclosure, there is neither similar claims nor similar parties in both state and federal courts as required for parallelism.

*Fru–Con*, 574 F.3d at 537. Judge Beam further found that even though the contractor had filed a counterclaim in the Nebraska state court action, which made the breach of contract claim pending in both actions, parallelism still did not exist; there was nothing in the federal district court record that concerned the counterclaim, the subcontractor conceded that the counterclaim was not filed with the federal district court, and it was not mentioned in the briefs to the appellate court. *Id.* at 537 n. 8. Further, at the time the federal district court abstained, the counterclaim was not yet filed in state court. Finally, Judge Beam noted that parallelism did not exist because "enforcement, or not, of the contractual forum selection clause was a federal court procedural matter governed by federal law." *Id.* at 538. In order for parallelism to exist between the state and federal proceedings, "[t]he state court proceeding must present to the federal court the same issues, *not governed by federal law*, between the same parties." *Id.* (internal citations omitted) (emphasis in original).

Similarly, in *Gannett Co. v. Clark Const. Grp., Inc.*, 286 F.3d 737, 740 (4th Cir. 2002), the Fourth Circuit held that, although Gannett and Clark were both parties in a federal contract action

---

[3] The other two judges on the panel agreed that a lien foreclosure action and a suit for breach of contract are not parallel proceedings for purposes of the *Colorado River* abstention doctrine. *Id.* at 540–41 (Bye, J., concurring; Shepherd, J., dissenting). Judges Bye and Shepherd decided, however, that the non-parallel state and federal proceedings became parallel when the contractor filed the breach of contract counterclaim in state court. Judge Bye concurred with Judge Beam's reversal of the district court only because he concluded that the district court abused its discretion by abstaining under the *Colorado River* factors. In contrast, Judge Shepherd in his dissent voted to affirm the district court's decision that the case presented the type of exceptional circumstances that warrant abstention under *Colorado River* in order to avoid piecemeal litigation.

and a state lien action, the actions "involve[d] different issues with different requisites of proof." *Id.* at 742. The court noted that the lien action required the equity court to ascertain the validity and amount of the underlying debt, which involved establishing that a contract existed for the work performed. *Id.* The "enforcement of the mechanic's lien [wa]s not, however, dependent on questions of breach of contract, which [could] be resolved only through the separate breach of contract action, in that [the parties] had not asserted their breach of contract claims in the [ ] lien action." *Id.* The Fourth Circuit further noted that the breach of contract action and the lien action sought different remedies: the lien action sought a lien and foreclosure on the property, whereas the breach of contract action sought compensatory damages for the alleged breach of contract. *Id.* at 743.

Applying the reasoning of the Eighth and Fourth Circuits on parallelism to the present case, Avera's federal court lien action and the Bootsmas' Minnesota state court breach of contract action are not parallel. The lien action is based on only one issue: enforcement of a hospital lien in the amount of $142,026.26, plus interest, pursuant to SDCL § 44-12-8. The state court action is premised on Minnesota breach of contract law and tort law of slander upon credit and reputation. While EMC believes that Avera will be estopped from enforcing its statutory lien if it is found to have breached the contract with BCBS, the lien action still raises an issue not raised in the breach of contract action. Thus, there is substantial doubt that resolution of the state court breach of contract action would result in a complete resolution of the federal lien action. In such a situation, the issues in the two actions cannot be considered parallel and *Colorado River* abstention is not appropriate. *Fru–Con*, 574 F.3d at 535 ("Jurisdiction must be exercised if there is any doubt as to the parallel nature of the state and federal proceedings.").

Even if the two cases were parallel, "exceptional circumstances" do not exist to justify abstention. There are essentially six non-exhaustive factors to be considered in determining whether exceptional circumstances warrant abstention under the *Colorado River* doctrine:

> (1) whether there is a res over which one court has established jurisdiction, (2) the inconvenience of the federal forum, (3) whether maintaining separate actions may result in piecemeal litigation, unless the relevant law would require piecemeal litigation and the federal court issue is easily severed, (4) which case has priority-not

necessarily which case was filed first but a greater emphasis on the relative progress made in the cases, (5) whether state or federal law controls, especially favoring the exercise of jurisdiction where federal law controls, and (6) the adequacy of the state forum to protect the federal plaintiff's rights.

*Fru–Con*, 574 F.3d at 534 (citing *Mountain Pure, LLC v. Turner Holdings, LLC*, 439 F.3d 920, 926 (8th Cir. 2006)). These factors are not to be applied as a "mechanical checklist." *Moses H. Cone Memorial Hospital v. Mercury Constr. Corp.*, 460 U.S. 1, 16 (1983); *Federated Rural Elec. Ins. Corp. v. Ark. Elec. Cooperatives, Inc.*, 48 F.3d 294, 297 (8th Cir. 1995). Instead, the factors must be carefully balanced with the balance weighed heavily in favor of the exercise of jurisdiction.

1) RES OR PROPERTY OVER WHICH ONE COURT HAS ESTABLISHED JURISDICTION

EMC asserts that the res is the money held in the lawyer's trust account in Minnesota. But Avera is not asking for the payment to come from those funds; instead it seeks enforcement of its lien directly from EMC for its failure to secure Avera's hospital lien. This factor does not weigh in favor of abstention.

2) INCONVENIENCE OF THE FEDERAL FORUM

The parties agree that this factor is neutral because neither forum is inconvenient.

3) PIECEMEAL LITIGATION

The most predominant factor for the court to consider is whether retaining jurisdiction will result in piecemeal litigation. *Federated Rural Elec.*, 48 F.3d at 297 (citing *Moses H. Cone*, 460 U.S. at 16, 21). " 'Piecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results.' " *Keating v. Univ. of S.D.*, 386 F.Supp.2d 1096, 1103 (D.S.D. 2005) (quoting *LaDuke v. Burlington N. R.R. Co.*, 879 F.2d 1556, 1560 (7th Cir. 1989)). As noted above, the federal court action will not resolve the same issues as the state action and therefore abstention will not avoid piecemeal litigation. The enforceability of Avera's statutory lien against EMC is a relatively clear-cut issue compared to the contract and tort issues present in the Minnesota state court action. Because the state action does not include Avera's statutory lien

8

claim asserted in the federal litigation, the state forum is not adequate to protect that potential recovery. Accordingly, this factor weighs in favor of retaining jurisdiction.

EMC contends that the courts could reach different conclusions on identical issues. But the only issue before this Court is the enforcement of Avera's statutory lien pursuant to South Dakota law, an issue that is not pending in Minnesota state court. Even if this Court were to find that Avera's statutory lien is enforceable and the Minnesota court were to find that Avera waived its right to collect from the Bootsmas' settlement proceeds, those findings are not necessarily inconsistent, and the consequences would not be such that it would rise to the level of "extraordinary circumstance" warranting abstention. "'[T]he potential for conflict' between a federal action and a parallel state action, standing alone, does not 'justify staying of the exercise of federal jurisdiction' under the *Colorado River* abstention doctrine." *Kingland Sys. Corp. v. Colonial Direct Fin. Group, Inc.*, 188 F.Supp.2d 1102, 1118–19 (N.D.Iowa 2002) (quoting *Federated Rural Elec.*, 48 F.3d at 297). This factor does not weigh in favor of abstention.

4) PRIORITY

The priority of the cases arguably weighs slightly in favor of abstention because the Minnesota case has reached the summary judgment stage. Jonathan Ellis, *Avera Asks Judge to Seal Documents in Billing Dispute Case*, July 20, 2018, SIOUX FALLS ARGUS LEADER. The state court action in Minnesota is more complex and likely will take longer to resolve. This factor is neutral and does not weigh in favor of or against abstention.

5) STATE OR FEDERAL LAW CONTROL

When federal law controls most of the parties' claims, that factor is a "major consideration" against abstention. *Cedar Rapids Cellular Tel., L.P. v. Miller*, 280 F.3d 874, 879 (8th Cir. 2002). This is not a consideration in this case because South Dakota substantive law will apply to Avera's statutory lien claim and Minnesota law will apply to the Bootsmas' Minnesota breach of contract case. This case is in federal court solely because EMC removed it based on diversity jurisdiction, and there is no federal substantive law at issue."[T]he fact that state law governs this case does not

provide a reason for abstention." *Federated Rural Elec.*, 48 F.3d at 299. This Court regularly decides questions of South Dakota law. EMC has not shown any reason that the enforceability of Avera's hospital lien pursuant to South Dakota law would be better decided by the Minnesota state court. This factor is not afforded any weight under the circumstances.

6) ADEQUACY OF STATE FORUM TO PROTECT FEDERAL PLAINTIFF'S RIGHTS

The claim in this federal proceeding is based on South Dakota law, and it is the type of law routinely applied by this federal court in exercising diversity jurisdiction. The parties' interests are adequately protected here and this factor does not create the extraordinary circumstance necessary for abstention.

In conclusion, after considering and carefully balancing the *Colorado River* factors, the Court finds that exceptional circumstances do not exist that warrant abstention. The balance weighs in favor of exercising federal court jurisdiction. Accordingly,

**IT IS ORDERED** that EMC's Motion to Dismiss (doc. 11) and Motion for Hearing (doc. 15) are denied.

Dated this 7th day of September, 2018.

BY THE COURT:

/s/ Lawrence L. Piersol
Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK

By: _____
DEPUTY